**MIN LIAN ZHAO, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

No. 04–2938–ag.

United States Court of Appeals, Second Circuit.

Dec. 14, 2006.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted automatically for former Attorney General John Ashcroft as the respondent in this case.

Min Lian Zhao, pro se, Monterey Park, CA, for Petitioner.

Toi Denise Houston, Assistant United States Attorney (Joseph S. Van Bokkelen, United States Attorney for the District of Indiana, on the brief), Hammond, IN, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. JOHN G. KOELTL,** District Judge.

## SUMMARY ORDER

Appellant Min Lian Zhao, *pro se*, petitions for review of an order of the Board of Immigration Appeals ("BIA") dated April 26, 2004, partially adopting and affirming the March 11, 2003 decision of Immigra-

tion Judge Gabriel C. Videla ("the IJ") denying Zhao's application for relief under Article III of the United Nations Convention Against Torture ("CAT") on the basis of an adverse credibility determination. *In re Min Lian Zhao*, No. A77 957 752 (Apr. 26, 2004), *aff'g* No. A77 957 752 (Immig. Ct. N.Y. City Mar. 11, 2003). We assume the parties' familiarity with the facts and the issues on appeal.

When the BIA affirms and modifies the IJ's decision, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the IJ's adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In addition, we generally will not disturb adverse credibility determinations that are "based on specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

Here, the IJ found numerous inconsistencies between Zhao's testimony and his asylum application. The IJ found, *inter alia*, that Zhao changed his testimony regarding the location of a secret Christian meeting at which he claimed several members were arrested and beaten; had difficulty remembering the name of the pastor at the secret meeting despite the fact that he claimed he had routinely attended

** The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Christian services for at least nine years; did not routinely attend Christian church services in the United States and was vague about the denomination with which he was affiliated; testified that he was beaten by four or five plainclothed policemen who broke a bone in his back, but failed to mention this fact in his asylum application; testified that he stayed with a friend in China for one year after the alleged beating, but his later testimony showed that he could have stayed only six months; and testified that he had never been arrested in China or the United States, but had stated in his application that he had been detained by the police while in China.

These specific inconsistencies constitute substantial evidence supporting the IJ's adverse credibility determination. Further, when the only evidence that a petitioner was likely to be tortured is the petitioner's testimony, the adverse credibility determination necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.